IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY P. GRENWALT,

               Plaintiff,

v.                                           ORDER

JOAN HANNULA, JAMIE BARKER, and           17-cv-74-jdp
REED RICHARDSON,

               Defendants.[1]

---

Pro se plaintiff Rodney P. Grenwalt, an inmate incarcerated at the Stanley Correctional Institution (SCI), is proceeding on claims that defendants, prison officials, failed to provide adequate treatment for his bunion and other medical conditions. Defendants move for summary judgment. Dkt. 21.

Grenwalt has not responded to defendants' motion. This calls into question whether Grenwalt wants to continue with the lawsuit. And Grenwalt's failure to submit proposed findings of fact opposing defendants' motion also means that under this court's summary judgment procedures, I should consider defendants' proposed findings undisputed. *See* Dkt. 12, at 8 ("If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.").

Before I dismiss the case with prejudice for Grenwalt's failure to prosecute it or consider defendants' proposed findings of fact undisputed for Grenwalt's failure to comply with court rules, I will give Grenwalt a short time to explain whether he still wishes to prosecute this

---

[1] I have updated the caption to reflect defendants' full names.

lawsuit. If he does, he will have the same deadline to (1) show cause why he was not able to submit a timely response to defendants' summary judgment motion; and (2) submit a brief, proposed findings of fact, and supporting evidence opposing defendants' motions. I will include with this order an additional copy of this court's procedures for briefing summary judgment motions.

Finally, before defendants filed their motion for summary judgment, Grenwalt filed a "motion for the appointment of counsel." Dkt. 20. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Grenwalt provides letters from three lawyers declining to take his case, so he has satisfied the first requirement. But Grenwalt has not demonstrated that the legal and factual difficulty of each case exceeds his ability to prosecute it. Grenwalt provides evidence of his mental health problems and limited education. Mental health conditions and a lack of education are, unfortunately, common among prisoners litigating in this court and are not alone reasons to recruit counsel. Grenwalt also argues that his medical-care claims are too complex to litigate without a lawyer's assistance. Without Grenwalt's summary judgment

2

response, I cannot determine whether this case will present complex medical issues that might require a lawyer's assistance. From his other filings, I conclude that he should be able to prepare a response. And most important, I will not attempt to recruit counsel for a litigant who may not want to continue to litigate. So I will deny Grenwalt's motion for counsel, although he may renew it after he files his summary judgment response. If he does so, he should explain what tasks, specifically, he is unable to perform without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney P. Grenwalt may have until April 30, 2018, to respond to this order as discussed in the opinion above.

2. The clerk of court is directed to send plaintiff a copy of the court's procedures on motions for summary judgment included with the pretrial conference order. Dkt. 12.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 20, is DENIED without prejudice.

Entered April 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge